IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 78761-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL ANTHONY WADE, JR., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: November 4, 2019 |

HAZELRIGG-HERNANDEZ, J. — Michael Anthony Wade, Jr. seeks remand for resentencing, alleging that the superior court erred in determining that RCW 9.94A.589(1)(c) governed the calculation of his offender score and therefore the same criminal conduct analysis in subsection (1)(a) was inapplicable. Because the plain language of the statute supports the superior court's interpretation, we affirm.

FACTS

Michael A. Wade, Jr. (Wade) and three co-defendants were charged with crimes related to three burglaries that took place on October 9, 2012. The charges against Wade included six counts of theft of a firearm and one count of unlawful possession of a firearm in the first degree. Following a bench trial, he was found guilty on all counts. The court imposed low-end standard range sentences on all

counts but ordered that the sentences for each of the firearm-related convictions run consecutively for a total of 549 months confinement.

On appeal, Wade argued for the first time that the trial court erred in failing to treat his six theft of a firearm convictions as the same criminal conduct for purposes of calculating his offender score. We found that Wade had waived this argument by failing to raise it at sentencing and affirmed.

Wade then filed a personal restraint petition arguing that his trial counsel was ineffective for failing to argue the same criminal conduct issue and failing to request an exceptional sentence below the standard range. The State conceded that Wade was entitled to resentencing under State v. McFarland, 189 Wn.2d 47, 399 P.3d 1106 (2017), because the trial court clearly expressed on the record that it did not believe it had discretion to depart from the standard sentencing range. We accepted the concession and remanded for resentencing. The State also argued that the trial court erred in failing to impose a sentence for count 10 under the rationale that counts 3 and 10 constituted the same criminal conduct. We agreed with the State and directed the court to impose a sentence for count 10 on remand.

At resentencing, Wade argued that the six theft of a firearm convictions encompassed the same criminal conduct or, in the alternative, that the court should impose an exceptional downward sentence because the presumptive sentence was clearly excessive. The State argued that the analysis for same criminal conduct laid out in RCW 9.94A.589(1)(a) was inapplicable because the firearm offenses fell under the sentencing scheme in RCW 9.94A.589(1)(c). However, the

State agreed that a downward departure from the standard sentence was warranted.

In its oral ruling, the court explained that it agreed with the State's interpretation of RCW 9.94A.589:

> "[Wade's argument] is that this conduct constitutes same criminal conduct and therefore, it should be under the first section of the statute 9.9A.589(1)(a) and should be sentenced concurrently.
> I disagree with that analysis, because as I indicated in my questioning, there's a specific statute under Subsection 1(c) which states without any ambiguity that the offender shall serve consecutive sentences for each conviction of the felony crime listed in Subsection 1(c) and for which firearm is unlawfully possessed. The legislature is presumed to know what they're doing, and my job is to interpret and follow the law. I do not believe that that statute is ambiguous at all."

The resentencing court imposed low-end standard sentences for all of the convictions but ruled that some of the sentences would run concurrently, rather than consecutively, for a total of 241 months confinement. The written findings of fact and conclusions of law reflected the court's finding that the presumptive range was clearly excessive, which justified the imposition of an exceptional sentence below the standard range.

## DISCUSSION

Wade contends that the resentencing court erred in concluding that the same criminal conduct analysis was inapplicable and in failing to treat his six convictions for theft of a firearm as one crime for purposes of sentencing. The State argues that the court properly interpreted RCW 9.94A.589 when it applied subsection (1)(c), rather than subsection (1)(a), to Wade's offender score calculation.

When interpreting the provisions of a statute, our objective is to ascertain and carry out the legislature's intent in enacting the statute. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If the meaning of a statute is plain on its face, we will "give effect to that plain meaning as an expression of legislative intent." Id. at 9–10. To determine the plain meaning of a statute, we consider "the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." Columbia Riverkeeper v. Port of Vancouver USA, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017). We review the interpretation of a statute de novo as a question of law. State v. Dreewes, 192 Wn.2d 812, 819, 432 P.3d 795 (2019).

Generally, when a person is convicted of multiple current offenses, the sentencing court will calculate the appropriate offender score by "using all other current and prior convictions as if they were prior convictions for the purpose of the offender score." RCW 9.94A.589(1)(a). If the court determines that two or more of the current offenses encompass the same criminal conduct, the convictions will be counted as one crime for the purpose of the offender score calculation. Id. Sentences under this general rule presumptively run concurrently. Id.

The statute provides an exception to the general rule for certain firearm-related offenses. RCW 9.94A.589(1)(a), (c). This exception applies when a person is convicted of unlawful possession of a firearm as well as felony theft of a firearm and/or possession of a stolen firearm. RCW 9.94A.589(1)(c). In this instance, the standard sentence range for each of those current offenses is determined using

the general method for multiple current offenses, except that the other current firearm offenses are not treated as prior convictions. Id. The sentences for each of the firearm offenses run consecutively. Id.

Wade contends that the "same criminal conduct" provision is an exception to each of the subsections of RCW 9.94A.589(1), including the subsection concerning the firearm-related offenses. The structure of the statute does not support this interpretation. Subsection (1)(a) begins:

> Except as provided in (b), (c), or (d) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, [t]hat if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

RCW 9.94A.589(1)(a). Subsection (1)(a) details the general rule, which includes the same criminal conduct provision. Subsection (1)(c), governing certain firearm-related offenses, is an exception to that general rule in its entirety.

Wade also argues that the phrasing of the same criminal conduct provision precludes a trial court from imposing multiple sentences for multiple convictions encompassing the same criminal conduct because they are considered to be "one crime." This is not an accurate reading of the statute. Convictions stemming from the same criminal conduct are "counted as one crime" only for the purpose of determining the offender score. Although the sentences for these crimes presumptively run concurrently, separate sentences are imposed for each conviction. We made this clear in our decision on Wade's personal restraint petition when we remanded for imposition of a sentence on count 10, even though

the trial court had found count 10 to encompass the same criminal conduct as count 3. In re Pers. Restraint of Wade, No. 76257-5-I, slip op. at 4 (Wash. Ct. App. Feb. 20, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/762575.pdf ("The State notes, correctly, that a determination that two crimes constitute the same criminal conduct affects only scoring of the offenses, but does not preclude imposition of a sentence.").

The resentencing court did not err in concluding that the exception for firearm-related offenses to the general rule governing offender score calculation applied in this case and that the same criminal conduct analysis was inapplicable. The statute is not ambiguous in this regard, and its plain language supports the superior court's interpretation.

Affirmed.

WE CONCUR:

Mann, ACJ.

Leach, J.